POMMEREHN ET AL., ETC. *v.* SAULEY.

[No. 29,129.  Filed February 24, 1954.]

*Warren Martin, Jr.,* of Jeffersonville, and *Paul R. Schnaitter* and *Harold E. Ford,* both of Madison, for appellants.

*Cooper, Cooper & Cooper,* of Madison, *Robert Hollowell,* of Indianapolis, and *Glenn R. Slenker,* of Monticello, for appellee.

FLANAGAN, J.—On November 2, 1948, the following amendment to the Constitution of this State became effective:

"Notwithstanding any other provision hereof, the sheriff of each county shall be elected in the general election held in the year 1950 and each four years thereafter. The term of office of each such sheriff shall be four years beginning upon the first day of January next following his election and no person shall be eligible to such office more than eight years in any period of twelve years: Provided, however, that any elected sheriff who shall hold said office on December 31, 1950, and who shall have been elected to said office for a period of less than two consecutive years immediately preceding, shall continue in said office for the four year term commencing January 1, 1951."

It should be noted that this amendment started the terms of office created by it as of January 1, 1951.

Appellee was sheriff of his county prior to that date and has continued to be to the present time. He raises the question as to whether "eight years in any period of twelve years," in the above-quoted amendment, refer only to years after January 1, 1951, or whether such eight years include years prior to that date.

If the "eight years in any period of twelve years" include those years immediately prior to January 1, 1951, appellee is not eligible to be a candidate in the primary and general election of 1954.

An amendment becomes a part as fully as any original provision. The question here asked is not as to time, but rather is one as to effect. Are provisions of the Constitution prospective only, or are they also retrospective? The fundamentals welcome search.

A constitutional provision should have its feet founded deeply in the wisdom of the past; but its voice can speak only to the future. That which happened before adoption gave it breath it cannot notice. That which happened afterward demands its attention.

In the instant case it is immaterial whether appellee did or did not serve as sheriff prior to January 1, 1951. On that date a new term of office started under a new constitutional provision.

Whether appellee was a sheriff under a different constitutional provision calls for no notice. Since January 1, 1951, the present Constitution governs. Appellee is entitled to be a candidate under it.

Judgment affirmed.

Emmert, J., not participating.

Draper, C. J., Bobbitt and Gilkison, JJ., concur.

NOTE.—Reported in 117 N. E. 2d 556.